IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| JAY JENKINS, JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZAKHEIM & LAVRAR, P.A. )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION<br>FILE NO._____ |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Jay Jenkins, Jr. ("Plaintiff"), is a natural person who at all

relevant times resided in the State of Georgia, County of Laurens, and City of Dublin.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Zakheim & LaVrar, P.A. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11.  Plaintiff's counsel sent Defendant written correspondence dated July 7, 2011, stating in relevant parts:

"RE:   Jay & Amy Jenkins

\* \* \* \* \*

Account #: 6035320492563679
File #: 3000505270

\* \* \* \* \*

Please be advised that this office represents the above-named individual regarding the aforementioned account.

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them." *See* correspondence attached hereto as, Exhibit A. **[Emphasis in original]**.

12.  Defendant received Plaintiff's notice of representation dated July 7, 2011 on July 11, 2011 at 9:43 A.M. *See* Track & Confirm receipt attached hereto as, Exhibit B.

13.  Despite having received Plaintiff's notice of representation by counsel, Defendant sent Plaintiff written communication dated October 14, 2011,

stating in relevant parts:

"RE:  CITIBANK, N.A.  /  Jay W Jenkins Jr
Account Number:    6035320492563679
Our File Number:     3000505270

* * * * *

Our law firm is attempting to collect a debt that is owed to CITIBANK, N.A. on a THE HOME DEPOT credit account and any information obtained will be used for that purpose. This communication is from a debt collector.

* * * * *


Jay W Jenkins Jr
509 Holly Dr
Dublin GA 31021-0438"

*See* correspondence attached hereto as, Exhibit C.

14. Plaintiff's counsel did not consent to Defendant's direct communication with Plaintiff.

15. At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from Defendant.

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

17.  Plaintiff repeats and re-alleges each and every allegation contained above.

18.  Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel, where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and

proper.

## TRIAL BY JURY

19.     Plaintiff is entitled to and hereby demands a trial by jury.

This 11th day of July, 2012.

ATTORNEYS FOR PLAINTIFF
JAY JENKINS, JR.

Respectfully submitted,

/s/ Dennis R. Kurz
Dennis R. Kurz
Georgia Bar No. 430489
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com